## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DANAS L. STURDIVANT,

                Petitioner,                Case Number: 04-CV-74709

v.                                  HON. ARTHUR J. TARNOW

HAROLD WHITE,

                Respondent.

_____/

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Danas L. Sturdivant, a state prisoner incarcerated at the Parnall Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus. Petitioner challenges the Michigan Parole Board's denial of his release on parole. Petitioner is not entitled to habeas corpus relief and the petition shall, therefore, be denied.

### I.

Petitioner is incarcerated pursuant to convictions for felonious assault and carrying a concealed weapon. In his petition, Petitioner challenges the Michigan Parole Board's denial of parole on July 8, 2004. He presents the following claims challenging that decision:

I.      The state court's decision to eliminate Petitioner's ability to appeal a decision of the Michigan Parole Board violates his right to due process of law guaranteed under the Fourteenth Amendment to the United States Constitution where Respondent's decision to deny parole is based upon inaccurate, subjective and fallacious information.

II.     Respondent's decision to deny parole based upon inaccurate, subjective and fallacious information violates Petitioner's right to fundamental fairness guaranteed under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Sturdivant v. White, No. 04-cv-74709

III.  Allowing a parole appeal by the prosecutor and victim but not by Petitioner violates his right to due process and equal protection of the law guaranteed under the Fourteenth Amendment to the United States Constitution.

## II.

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  Id. at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that

2

Sturdivant v. White, No. 04-cv-74709

application must also be unreasonable." Id. at 410-11.

### III.

### A.

Petitioner alleges that he has been denied the right to equal protection of the laws and due process because, under Michigan law, he is not permitted to appeal the Michigan Parole Board's denial of parole to Michigan courts. Prior to 1999, a parole board decision granting or denying parole was appealable by the prisoner, prosecutor, or the victim of the crime for which the prisoner was convicted. Mich. Comp. Laws § 791.234(8). In 1999, the Michigan Legislature amended that provision to allow for appeals *only* from the action of the parole board in *granting* parole by the prosecutor or the victim. Mich. Comp. Laws § 791.234(9). In response to the 1999 amendment, the Michigan Supreme Court amended Michigan Court Rule 7.104, effective March 10, 2000, to eliminate the provisions regarding the methods by which a prisoner could appeal a parole denial. See M.C.R. 7.104(d)(1), (2)(a). In addition, the Michigan Court of Appeals has held that a prisoner may not appeal the denial of parole under the Administrative Procedures Act, Mich. Comp. Laws § 24.201, or the Revised Judicature Act, Mich. Comp. Laws § 600.631.

The Sixth Circuit Court of Appeals has held that the elimination of prisoner appeals from parole board decisions does not offend the Constitution. Carnes v. Engler, 76 Fed. Appx. 79, 80-81 (6th Cir. 2003). The Court of Appeals reasoned:

> Legislation or government action is presumed valid if the classification of groups is rationally related to a legitimate state interest. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985). In this case, the rational basis test is used because inmates are not a suspect class, *see* Hampton v. Hobbs, 106

3

Sturdivant v. White, No. 04-cv-74709

F.3d 1281, 1286 (6th Cir. 1997), and because the plaintiffs' claim does not involve a fundamental right.  A § 1983 plaintiff's challenge to the lack of a rational basis for an equal protection claim cannot succeed "if there is any reasonably conceivable state of facts that could provide a reasonable basis for the classification."  FCC V. Beach Communications, Inc., 508 U.S. 307, 313 (1993). . . .

. . . [T]he State of Michigan could rationally intend the limitation on appeal right to provide a counter-balance to a prisoner's obvious incentive to litigate the issue of parole and to protect the state treasury from the expense needed for responding to appeals of parole denials. . . . In addition, the Michigan parole statutes include the protection of public safety as a stated purpose. . . . The statutes further the rights of victims of various crimes, which is also a legitimate state purpose.  For these reasons, there exists a rational relationship to a legitimate state purpose in the Michigan parole scheme prohibiting a prisoner from appealing an adverse Board decision, and the plaintiffs' allegations failed to eliminate any such rational basis.

Id. at 80-81.

Based upon the Court of Appeals' decision in Carnes, the Court must conclude that Petitioner's claim that the Michigan parole scheme is unconstitutional fails to state a claim upon which habeas relief may be granted.

**B.**

Petitioner also alleges that the decision to deny him parole was based upon "inaccurate, subjective, and fallacious information," and therefore violated his rights under the Due Process Clause.

There is no constitutional right of a lawfully convicted person to be conditionally released before the expiration of a valid sentence.  See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Bd. of Pardons v. Allen, 482 U.S. 369, 377 n.8 (1987).  Thus, there is no federal constitutional right to parole.  Gavin v. Wells, 914 F.2d 97, 98 (6th Cir.

4

Sturdivant v. White, No. 04-cv-74709

1990).

In addition, Michigan law does not create a liberty interest in parole. Caldwell v. McNutt, 158 Fed. Appx. 739, 740 (6th Cir. 2006). In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board. In re Parole of Johnson, 235 Mich. App. 21, 596 N.W.2d 202 (1999) (per curiam) (citing Mich. Comp. Laws § 791.234(6)(d) and 791.234(7)). *See also* Mich. Comp. Laws § 791.234(9). Because the Michigan Parole Board has discretion whether to grant parole, a defendant does not have a protected liberty interest in being released on parole. Canales v. Gabry, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994). *See also* Wright v. Trammell, 810 F.2d 589, 590 (6th Cir. 1987) ("[T]he expectancy of release upon parole is not a constitutionally protected interest where the state holds out 'no more than a mere hope that the benefit will be obtained.'") (quoting Greenholtz, 442 U.S. at 11, 99 S. Ct. 2100). Consequently, Petitioner does "not have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings." Sharp v. Leonard, 611 F.2d 136, 137 (6th Cir. 1979).

In a habeas corpus proceeding, the scope of a federal court's review of a Parole Board's decision denying parole is quite limited:

> Absent substantial evidence of an arbitrary and capricious abuse of discretion amounting to a denial of a constitutional right, and absent evidence of a decision based on an unconstitutional factor such as an applicant's race, sex, religion, or prior exercise of protected constitutional rights, the court should not interfere with the parole board's exercise of its discretion in denying an application for parole.

Juarez v. Renico, 149 F. Supp. 2d 319, 324 (E.D. Mich. 2001) (Lawson, J.).

Petitioner alleges that the parole board relied on improper factors in denying parole

Sturdivant v. White, No. 04-cv-74709

because the parole eligibility report indicated that he had been convicted of fifteen prior felonies when, in fact, he had been convicted of just seven prior felonies.  Assuming that the parole eligibility report incorrectly listed the number of prior felonies, Petitioner has failed to show that the parole board's decision to deny him parole was an arbitrary and capricious abuse of discretion.  The Parole Board Notice of Decision indicates that the parole board denied parole for the following reasons: the offense involved a weapon, Petitioner has a history of established criminal behavior and felony assaultive crimes, and has a long-standing history of substance abuse.  The Parole Board cited Petitioner's history of felonies as a factor in its decision denying parole.  This fact, Petitioner's history of felonies, is not rendered inaccurate if the number of Petitioner's prior felonies is seven.  Seven felonies may reasonably be considered a substantial criminal history.  The Court, therefore, finds that the Parole Board's decision denying parole was not an arbitrary and capricious abuse of discretion implicating a constitutional right.

## C.

Finally, Petitioner also alleges that the Parole Board's decision denying him parole violates the doctrine of separation of powers and his right to be free from twice being placed in jeopardy for the same offense.

"[T]he concept of separation of powers embodied in the United States Constitution is not mandatory in state governments." Sweezy v. New Hampshire, 354 U.S. 234, 255, 77 S.Ct. 1203, 1214, 1 L.Ed.2d 1311 (1957).  Therefore, this claim is not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991), *quoting* Louis v. Jeffers, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus review does not lie for errors of state law").

Sturdivant v. White, No. 04-cv-74709

"Parole determinations are not considered criminal punishment for purposes of the Double Jeopardy Clause." Ellick v. Perez, 27 Fed. Appx. 489, 490 (6th Cir. 2001); *see also* Stewart v. Flintoft, 2002 WL 31748842, * 3 (E.D. Mich. 2002) (holding that parole denial does not implicate the Double Jeopardy Clause because it does not extend sentence beyond original term imposed by court). Thus, Petitioner is not entitled to relief on this claim.

**IV.**

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: May 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 30, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary